1
2
3
4

**THE DISTRICT COURT OF GUAM**

5

6   MICHAEL A. CHARGUALAF,                    CIVIL CASE NO. 23-00024

7                              Plaintiff,

8                vs.                          **ORDER DISMISSING PLAINTIFF'S**
                                             **COMPLAINT WITHOUT PREJUDICE**
9   GUAM DAILY POST-CORE TECH, MINDY
    AGUON, DAVID CASTRO, AND
10  ANTHONY PEREZ,

11                            Defendants.

12

13          Before the court is Plaintiff Michael A. Chargualaf's *pro se* Complaint. *See* Compl., ECF

14  No. 1. The court has reviewed Plaintiff's Complaint and deems it suitable for submission without

15  oral argument. For the reasons stated herein, the court hereby **DISMISSES** Plaintiff's Complaint

16  without prejudice.

17      **I.   Background**

18          On November 7, 2023, Plaintiff filed his Complaint through a Pro Se 1 Form against

19  Defendants Guam Daily Post-Core Tech, Mindy Aguon, David Castro, and Anthony Perez

20  (collectively, the "Defendants"). *See id*.

21          In Section II of the Pro Se 1 form, Plaintiff marked the box labeled "Federal question" as

22  his basis for jurisdiction. *Id.* at 3. Plaintiff left blank the section that instructed him to "[l]ist the

23  specific federal statutes, federal treaties, and/or provisions of the United States Constitution that

24  are at issue in this case." *Id.* Although Plaintiff marked "Federal question" for the basis for

jurisdiction, Plaintiff filled out a portion of the diversity of citizenship option, specifically, Section II(B)(3) which asks for "[t]he amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court[.]" *Id.* at 4. Plaintiff did not write an amount in controversy. Instead, he stated "mental cruelty, mental stress, and emotional distress. Public embarrassment and humiliation, which violates my civil rights to privacy, and court order violations." *Id.*

Section III of the Pro Se 1 Form where it instructs Plaintiff to write a "short and plain statement of the claim[,]" he wrote:

> [p]rior to the interview I made specific demands that my identity will not be revealed in public, like full name, and photographs to include videos to Mindy Aguon, David Castro, and Anthony Perez and they all agreed to my specific demands. I instructed the photographer David Castro to turn off all cameras, and other recording devices and he assured me that he already did so. But, he lied to me based on the newspaper story, and pictures. And my full name published by Mindy Aguon and printed by the guam daily post.

*Id.*

Section IV of the Pro Se 1 Form asks Plaintiff to "[s]tate briefly and precisely what damages or other relief plaintiff asks the court to order." Plaintiff did not state the relief he seeks and, instead, he wrote:

> mental cruelty, mental stress, and emotional distress. I suffered a heart attack on Dec. 2020 because the amount of stresses and pressures that I had to live with every single day and suffered a near fatal heart attack. I have been bringing this [*sic*] concerns to the attention of Anthony Perez. But, to no avail. Then on Dec. 2022 my last conversation with Anthony Perez about this concern. He told me over the phone that I should not worry about it because Mindy Aguon has resigned from the guam daily post.

*Id.*

After a close review of the Pro Se 1 Form, the court discerns that Plaintiff is bringing this action against the Defendants for publishing an article with his name and a

photograph or video recording contrary to his alleged instructions that his identity not be revealed. *Id.* From what the court gathers, Plaintiff is arguing that he suffered a "near fatal" heart attack, emotional and mental harm, public embarrassment and humiliation, and that his alleged civil rights to privacy and court orders were violated. *Id.*

## II. Discussion

### a. Legal Standard

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "Subject matter jurisdiction defines the court's authority to hear a given type of case[.]" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). Federal courts are required to determine "*sua sponte* whether jurisdiction exists, regardless how the parties have framed their claims." *Naruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018). While doing so, the court will construe Plaintiff's *pro se* pleadings liberally and give Plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). If the court finds that Plaintiff lacks subject matter jurisdiction, the court will dismiss the Complaint and "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." [1] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### i. Standing

A plaintiff must be able to meet the "jurisdictional prerequisite" of Article III standing when bringing a federal claim. *Gerlinger v. Amazon.com Inc., Borders Grp., Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008). A Plaintiff is required to demonstrate that "it has suffered an [(1)] 'injury

---

[1] Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

in fact' that is [(2)] 'fairly traceable' to the defendant's conduct and [(3)] would likely be 'redressed by a favorable decision.'" *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing" standing, and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Meland v. WEBER*, 2 F.4th 838, 843 (9th Cir. 2021) (quoting *Lujan*, 504 U.S. at 561). General factual allegations of injury resulting from a defendant's conduct may be sufficient at the pleading stage. *Lujan*, 504 U.S. at 561.

### 1. *Injury in fact*

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and quotations omitted). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). The injury must also be concrete. *Id.* at 340. In other words, "it must actually exist[,]" but the injury need not be tangible to be concrete. *Id.* In determining whether a harm is "concrete[,]" courts consider "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008)).

Plaintiff does not meet his burden of demonstrating that he suffered injury in fact because, although he alleges actual and particularized injuries, he fails to demonstrate that those injuries are concrete in that they are legally protected interests. Plaintiff alleges actual injuries, to wit: he suffered mental and emotional harm, public embarrassment and humiliation, and a "near

fatal" heart attack. They are particularized because they affected him in a "personal and individual way." *See* Compl. at 4, ECF No. 1 (quoting *Lujan*, 504 U.S. at 560 n.1).

They are, however, not concrete. To determine whether a plaintiff's claim is concrete, the court asks: "(1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Plaintiff's Complaint is deficient because it fails to demonstrate that the alleged injuries—emotional and mental harm, public embarrassment and humiliation, and a "near fatal" heart attack—are related to a statutory provision or a "harm traditionally recognized as providing a basis for a lawsuit in American courts[,]" and if the Defendants' violation of such a provision or harm injured him. *TransUnion LLC*, 594 U.S. at 440 and Compl. at 4, ECF No. 1. Without more facts, Plaintiff's Complaint fails to allege an injury in fact. *See* Compl. at 4, ECF No. 1. Although Plaintiff alleges that court orders and his civil rights were violated, Plaintiff did not identify which court orders were violated and he also did not specify how, if at all, these violations of court orders would violate any federal laws. Additionally, Plaintiff also failed to identify which civil rights to privacy were violated and how. Therefore, the court finds that his claim is not concrete.

Based on the foregoing, Plaintiff did not meet his burden of demonstrating that he suffered injury in fact.

### 2.  *Traceability and Redressability*

The "fairly traceable" and "redressability" requirements overlap and are "two facets of a single causation requirement." *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984), *abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). The traceability

analysis "examines the connection between the alleged misconduct and injury, whereas redressability analyzes the connection between the alleged injury and requested relief." *Id.*

To satisfy traceability, Plaintiff must demonstrate that the injury can be traced to the alleged conduct of the Defendants. *Collins*, 141 S. Ct. at 1779. There must also be a "causal connection between the injury and the conduct complained of." *Mecinas v. Hobbs*, 30 F.4th 890, 900 (9th Cir. 2022) (quoting *Lujan*, 506 U.S. at 560). Plaintiff must be able to "establish a 'line of causation' between [D]efendants' action and their alleged harm that is more than 'attenuated.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011). Plaintiff's claim of Defendants' alleged conduct and the injuries stated lack sufficient facts to enable the court to determine whether the injury can be traced to the alleged conduct of the Defendants.

"Redressability is satisfied so long as the requested remedy 'would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Mecinas*, 30 F.4th at 900 (quoting *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012)). A Plaintiff need not demonstrate that the harm would be redressable with "certainty, but only a substantial likelihood that the injury will be redressed by a favorable judicial decision." *Bellon*, 732 F.3d at 1146. Here, Plaintiff's Complaint is not redressable because he does not base his Complaint on a statutory provision or a "harm traditionally recognized as providing a basis for a lawsuit in American courts[,]" and if the Defendants' violation of such a provision or harm injured him. *TransUnion LLC*, 594 U.S. at 440.

### ii. Diversity Jurisdiction

It is unclear to the court on what jurisdictional basis Plaintiff brings his Complaint under, because as noted above, Plaintiff checked off "Federal question" but also filled out the "amount in controversy" under the diversity jurisdiction section. *See* Compl. at 1 & 4, ECF No. 1. Therefore, the court will address both jurisdictional bases.

For a Plaintiff to assert diversity jurisdiction, two requirements must be met, (1) the amount in controversy, exclusive of interest and costs, is more than $75,000 and (2) the matter is between citizens of different states or subjects of a foreign state. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 334 (9th Cir. 2015) and *see* 28 U.S.C. § 1332(a)(2). Plaintiff's Complaint states that he is from Texas, but the Complaint does not address where the Defendants are domiciled.[2] However, even if Plaintiff and Defendants are citizens of different states, Plaintiff fails to claim any amount in controversy. Therefore, the court finds that diversity jurisdiction is lacking because Plaintiff did not indicate where the Defendants are domiciled and also failed to state an amount in controversy. Based on the foregoing, the court finds that subject matter jurisdiction pursuant to 28 U.S.C. § 1332 does not exist.

### iii.        Federal Question Jurisdiction

Courts use the "well-pleaded complaint rule" to determine whether a complaint has been brought under federal law. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). A complaint is well-pled "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)).

Plaintiff's Complaint asserts that his civil rights to privacy and court orders were violated when his name and photograph or video were published after he instructed the Defendants not to reveal his identity. *See* Compl. at 4, ECF No. 1. Plaintiff's Complaint is deficient because it fails to "establish[] either that federal law create[d] the cause of action or that the [P]laintiff's right to

---

[2] Under diversity jurisdiction, "[a] person's state of citizenship is established by domicile, not simply residence, and a residential address [in a certain state or territory] does not guarantee that the person's legal domicile" is in that certain state or territory. *King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018). A person is domiciled in their "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation will be considered domiciled in "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Although Plaintiff mentions he suffered a violation of his civil rights to privacy, merely mentioning a civil rights violation is not enough to establish a "substantial federal question." *Cook*, 690 F.3d at 1130. Plaintiff also does not specify what court orders he is referring to, and how, if at all, these violations of court orders would violate any federal law. The court therefore finds that Plaintiff lacks subject matter jurisdiction with respect to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### III. Conclusion

The court finds that dismissal with leave to amend is warranted. It is not clear, based on the facts alleged, whether Plaintiff's claims would be futile. The court construes the *pro se* Plaintiff's pleadings liberally and gives the benefit of any doubt. *Butler*, 752 F.3d at 1180. If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate to the court (1) standing, specifically if there is injury in fact, that is fairly traceable to the Defendants' conduct, and that the injury would likely be redressed favorably by the court as well as specifying what exactly are the rights of Plaintiff that are being violated; (2) the basis for the court's jurisdiction: if diversity jurisdiction, Plaintiff must demonstrate the amount in controversy is more than $75,000 and the matter is between citizens of different states or subjects of a foreign state and, if federal question jurisdiction, Plaintiff must demonstrate a specific constitutional or statutory right Plaintiff believes was violated. The amended complaint must be rewritten entirely and may not incorporate any part of the dismissed Complaint by reference. Any cause of action not raised in the amended complaint will be deemed waived.

For the reasons set forth herein, the court **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction without prejudice. Plaintiff has 60 days from the filing of this order to

file an amended complaint in compliance with the Federal Rules of Civil Procedure. Failure to file the amended complaint by the deadline may result in the automatic dismissal of the above-captioned matter without further notice from the court.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Feb 16, 2024**