# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MICHAEL A. CHARGUALAF, | CIVIL CASE NO. 23-00024 |
| Plaintiff, | |
| vs. | **ORDER** |
| GUAM DAILY POST, et al., | |
| Defendants. | |

On February 16, 2024, the court dismissed Plaintiff Michael A. Chargualaf's complaint without prejudice. *See* Order, ECF No. 4. Therein, the court gave the Plaintiff 60 days to file an amended complaint and stated that failure to file an amended complaint may result in an automatic dismissal of the above-captioned matter. *Id.* at 8-9. The Plaintiff did not file an amended complaint within the 60-day period, which ended on April 16, 2024. Considering that Plaintiff was given an opportunity to amend his complaint and was given sufficient notice that failure to amend may result in an automatic dismissal, the court dismissed the case on April 26, 2024. *See* Order, ECF No. 7.

That same day, on April 26, 2024, the Plaintiff sent an electronic mail to the court and requested that the court reconsider dismissing his case. Mot., ECF No. 9 at 2. Therein, the Plaintiff asserts that he has been having a difficult time finding an attorney in Guam to represent him. *Id.* The court will construe the electronic mail as the Plaintiff's Motion for Reconsideration.[1]

---

[1] The Plaintiff is a *pro se* litigant and the court construes pleadings filed by *pro se* litigants liberally. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).

The court has "discretion in granting or denying a motion for reconsideration." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301 (S.D. Cal. 2014), *aff'd*, 816 F.3d 1170 (9th Cir. 2016). However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing Fed. R. Civ. Pro. 59(e)). A district court generally should not grant a motion for reconsideration "absent highly unusual circumstances," unless (1) the moving party presents newly discovered evidence, (2) the original ruling was clearly erroneous, or (3) there is an intervening change in the controlling law. *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Plaintiff's Motion for Reconsideration does not provide the court with newly discovered evidence, assert that the original ruling was clearly erroneous, or present an intervening change in controlling law applicable to this case. He only indicated that he is still looking for an attorney to represent him.

The Plaintiff's explanation for his Motion for Reconsideration does not overcome the "high hurdle" that must be established to re-open a case. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). The Plaintiff did not avail himself of the 60-day opportunity to file an amended complaint or request for an extension of time. Granting the motion would mean allowing the Plaintiff a "second bite at the apple" and that is not one of the purposes of a motion for reconsideration. *Id.* (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Based on the foregoing, the Plaintiff's Motion for Reconsideration is **DENIED.**

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
  **Chief Judge**
  **Dated: Jun 27, 2024**